WILFORD ET AL. V. GRANT.

Judgment reversed in part only.

PETER GRANT, and Eleanor his wife, brought their action of trespass against Joseph Wilford, Isaac Smith, John Blackstone, 2d, Timothy Blackstone, Noadiah Rogers, and Samuel Hoadley, Jr., for an assault and battery committed upon said Eleanor.   At the time of trial, Wilford and the two Blackstones made default.   The other defendants appeared and pleaded the general issue, on which the jury found a verdict for the plaintiffs, and £75 damages; and judgment was rendered against all the defendants.

The defendants then brought this writ of error *de recordo quod coram nobis residet*, assigning the following errors in fact:

1. That Timothy and John Blackstone were, at the time of bringing the suit, and at the time of rendering judgment, minors under the age of twenty-one years, and totally in-

Wilford et al. v. Grant.

capable of appearing, answering or defending in said suit in any other way than by guardians; and that the plaintiffs did not cite any person to appear as guardian to said minors, nor was any person ever appointed by the court.

2. That the court did proceed to render one entire judgment against all the defendants in said suit, for entire damages; whereas said Timothy and John have never had a day in court, or an opportunity to put in any plea, or to be heard on said matters; and no damages ought to have been given or assessed against them.

The defendant in error pleaded in abatement to the writ; that said judgment was recovered against the plaintiffs, in error for a trespass committed on said Eleanor, who has since deceased, she then being wife of the defendant in error; therefore, the present defendant cannot be considered as party or privy to said action, so as to be heard on the merits thereof, if said judgment should be reversed; and that execution hath been taken out on said judgment, and duly levied on land, and said lands duly appraised and set off.

The plaintiffs in error replied,— That there is not any executor or administrator of the said Eleanor deceased; but that the said Eleanor left sundry heirs, each of whom are minors under the age of twenty-one years; and that the defendant in error is the father and natural guardian to each and every of the heirs of the said deceased, and has been duly summoned and notified to appear and defend in this case.

The replication was adjudged sufficient, and the action ordered to proceed; and then on the plea, *in nullo est erratum*, judgment was reversed in part only.

By the whole COURT. The judgment complained of is against minors and adults, as joint trespassers; minors are

presumed wanting in discretion, to manage their own causes, or to appoint and instruct attorneys; guardians are therefore to be assigned, who shall take care for them, and be accountable: In this case none were assigned, and judgment went against the minors by default, through the neglect of the then plaintiff to inform the court of their minority, which he ought to have done before he took judgment against them by default or otherwise. But the principal question is, can the judgment be reversed as to them, and stand good against the rest? No reason appears *rerum natura*, why it should be reversed as to the adults also: They were fairly tried and convicted, and they might have been taken alone at first, or the plaintiff might have entered a *nolle prosequi* as to the others; and as this recovery was for a tort, no contribution could have been compelled, if one had been obliged to pay the contents of the execution. If a judgment must be reversed as to all, merely to give relief to one who may be entitled to it, there will be unnecessary expense and delay of justice, and in cases circumstanced like the present, a failure of it: For the right of action being merely personal, and the original plaintiff dead, the action cannot be commenced again *de novo*.— The common-law rules of England are indeed against a reversal in part only, in a case like this, though it is admitted in others without any apparent diversity of reason: As if an infant and one of full age join in a fine, there shall be a reversal *quoad* the infant only; so where judgment is erroneous only with regard to costs, it may be reversed as to them, and stand good as to the debt or damages; but it doth not appear that this rule has been adopted in practice here, so as to become authoritative. The common

Wilford et al. v. Grant.

law of England we are to pay great deference to, as being a general system of improved reason, and a source from whence our principles of jurisprudence have been mostly drawn:   The rules, however, which have not been made our own by adoption, we are to examine, and so far vary from them as they may appear contrary to reason or unadapted to our local circumstances, the policy of our law, or simplicity of our practice; which, for the reasons above suggested, we do in this case, and reverse the judgment as to the minors only.

This judgment was afterwards affirmed in the Supreme Court of Errors.